**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 2:10 CV 439** |
| | ) | |
| **GEORGE BAGNALL,** | ) | |
| **ANN BAGNALL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Plaintiff, the United States of America ("the United States") filed a complaint

against defendants George Bagnall and Ann Bagnall ("the Bagnalls") on

November 3, 2010. (DE # 10.) An attorney appeared on the Bagnalls' behalf on

November 24, 2010. (DE # 4.) Summons were served upon the Bagnalls on

November 27, 2011. (DE ## 5-6.) The United States' complaint alleges that it owns real

estate in Porter County that the Bagnalls are occupying without permission. (DE # 1.)

The United States asks the court to issue a judgment declaring that the United States has

a right to the real estate in question, Indiana Dunes National Lakeshore, Tract

No. 51-105, and is entitled to possession of the real estate. (*Id.*) It asks for an order

requiring the Bagnalls to promptly, peacefully, and reasonably surrender possession of

the real estate to the United States. (*Id.*) The Bagnalls have not filed an answer to the

complaint.

The United States moved for summary judgment in this case on January 1, 2011.

(DE # 10.) The LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF INDIANA RULE 56.1 provides that the Bagnalls had twenty-eight days to file a response and any materials that raise a genuine factual dispute. That time has passed and the Bagnalls have not filed a response or any other materials, subjecting them to a summary ruling. LOCAL RULE OF THE U.S. DIST. COURT FOR N.D. IND. RULE 7.1.

## I. UNDISPUTED FACTS

Generally, when evaluating a motion for summary judgment, the court resolves any disputed material facts in favor of the non-moving party. *See Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a party must support an assertion that a material fact is genuinely disputed by citing to particular parts of the record. FED. R. CIV. P. 56(c). If a party does not address another party's assertion of fact, the court can "consider the fact undisputed for the purposes of the motion" or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." FED. R. CIV. P. 56(e). As noted above, the Bagnalls have not filed a response to the United States' motion for summary judgment and have not presented any materials to place the United States' version of the facts into dispute. Therefore, the court accepts the United States' statement of undisputed facts as the undisputed facts in this case.

In 1966, Congress passed legislation authorizing the acquisition of land for a park called the Indiana Dunes National Lakeshore. 16 U.S.C. § 460u. According to the United States, the acquisition of land for the park was accomplished by condemnation or purchase. (DE # 10 at 2.) In many cases in which the United States purchased the land, the United States would pay the purchase price and then allow the seller to reserve in

the deed of transfer the right to reside on the property for a fixed term. (*Id.*) This is the type of arrangement that the parties to this case had.

On October 6, 1985, the Bagnells transferred their warranty deed for Indiana Dunes National Lakeshore, Tract No. 51-105, Lot 9 in Block 246 in Robert Bartlett's Beverly Shore First Addition to Unit "N" in Porter County, Indiana to the United States for and in consideration of $185,75000. (DE # 10-1 at 1.) The property is commonly known as 375 West Lake Front Drive, Beverly Shores, Indiana. (Constantine J. Dillon Aff. ¶ 4, Pl.'s Exh. to Mot. for Summ. J., DE # 9-1.) The warranty deed stated the Bagnalls reserved the right of use and occupancy of the property until September 30, 1995. (DE # 10-1 at 1) On September 8, 1995, the United States, through the National Park Service, executed a "Special Use Permit" ("SUP") granting the Bagnalls use of the property from October 1, 1995 to September 30, 2000. (DE # 10-1 at 3.) Above the Bagnalls' signatures, the SUP stated "[t]he undersigned hereby accepts this permit subject to the terms, covenants, obligations, and reservations, expressed and implied herein." (*Id.* at 3.) The permit included a clause called "Vacation of Property" which stated: "As a condition of issuance of this Permit, the permittee agrees to vacate the subject property promptly and, in any case, no later than the expiration date of this permit." (*Id.* at 8.)

On April 20, 2000, the United States, through the National Park Service, executed a second SUP granting the Bagnalls use of the property from October 1, 2000 to September 30, 2005. (DE # 10-1 at 10.) The Bagnalls again signed the permit under the statement: "[t]he undersigned hereby accepts this permit subject to the terms,

covenants, obligations, and reservations, expressed and implied herein." (*Id.* at 10; Dillon Aff. ¶ 5.) This permit again included a "Vacation of Property" clause which stated: "As a condition of issuance of this Permit, the permittee agrees to vacate the subject property promptly and, in any case, no later than the expiration date of this permit." (DE # 10-1 at 14.) The United States issued a third SUP on July 18, 2005 which allowed the Bagnalls to use the property from October 1, 2005 to September 30, 2006. (*Id.* at 17.) This SUP had the same vacancy of property clause and the same signature statement which the Bagnalls signed. (*Id.* at 17, 19.) On July 13, 2006, the United States issued a fourth SUP extending the Bagnall's use of the property from October 1, 2006 to September 30, 2010. (*Id.* at 22.) Again, this permit had the same signature statement and vacation of property clause and was signed by the Bagnalls. (*Id.* at 22, 25.)

On May 21, 2010, the United States, acting through Constantine J. Dillon, Superintendent for the National Park Service, wrote to the Bagnalls and reminded them that the SUP for their occupancy of the property within the Indiana Dunes National Lakeshore would expire on October 1, 2010. (DE # 10-1 at 27.) He asked them to vacate the property before midnight on September 30, 2010. (*Id.*) The Bagnalls have continued to occupy the property past September 30, 2010. (Dillon Aff. ¶ 4.)

## II.  STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and

identifying" those materials listed in RULE 56(c) which "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the nonmovant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). Furthermore, when evaluating a motion for summary judgment, the court views the record and makes all reasonable inferences in a light most favorable to the nonmovant. *Popovits,* 185 F.3d at 731. If the non-moving party cannot establish an essential element of its claim, RULE 56(a) requires entry of summary judgment for that claim. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (citing *Celotex*, 477 U.S. at 322-23).

## III.  ANALYSIS

In order to survive a motion for summary judgment, the non-moving party must identify "specific facts demonstrating that there is a genuine issue for trial." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008) (stating that); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 563 (7th Cir. 2002). In this case, the non-moving party, the Bagnalls, have not responded to the United States' motion for summary judgment. They have not presented the court with a statement of disputed facts as

required by LOCAL RULE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA RULE 56.1 or with any evidentiary materials that would place any material facts into dispute. Further, the Bagnalls have not contested the authenticity of any of the documents that the United States has offered in support of its motion for summary judgment. Therefore, the court accepts the authenticity of those documents for the purposes of this summary judgment motion and considers the facts within them to be undisputed. *See Metro. Life Ins. Co.,* 297 F.3d at 563.

The United States argues that summary judgment in its favor is appropriate in this case because this case turns on the interpretation of an unambiguous written contract which is a question of law for a court to decide. (DE # 10 at 1 (citing *Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 (7th Cir. 2006)).) The warranty deed produced by the government shows that the Bagnalls conveyed "all right, title, and interest" in the property to the United States. (DE # 10-1 at 1.) The only right that the Bagnalls reserved was a right to use and occupy the property until September 30, 1995. (*Id*.) Through several SUPs, that right was extended until September 30, 2010. (DE # 10-1 at 22.) No evidence before the court shows that the right was extended beyond that time. In fact, the letter from the National Park Service confirms that the Bagnalls' SUP expired on September 30, 2010, and they had until the end of that day to remove all of their possessions and to vacate the property. (DE # 10-1 at 27.)

The Bagnalls have not put forth any evidence to dispute the government's evidence-supported assertion that it has sole ownership and right to possession in the

6

property at Indiana Dunes National Lakeshore, Tract No. 51-105, commonly known as 375 West Lake Front Drive, Beverly Shores, Indiana. Accordingly, summary judgment for plaintiff, the United States, is appropriate. *Cf. United States v. Arobine*, No. 96-1545, 1997 U.S. App. LEXIS 10640, at *3-4 (7th Cir. May 6, 1997) (unpublished). The Bagnalls have also not presented any evidence that the written contract relied upon by the United States is ambiguous. *Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 (7th Cir. 2006). In light of the undisputed facts and the supporting materials supported presented by the United States, it appears that the United States is entitled to summary judgment in this case. *See* FED. R. CIV. P. 56(e).

## IV. CONCLUSION

The United States' motion for summary judgment (DE # 9) is **GRANTED**. The clerk shall enter final judgment as follows:

> Judgment is entered in favor of plaintiff the United States and against defendants George and Ann Bagnall. The United States is the sole owner of the property Indiana Dunes National Lakeshore, Tract No. 51-105, Lot 9 in Block 246 in Robert Bartlett's Beverly Shore First Addition to Unit "N," commonly known as 375 West Lake Front Drive, Beverly Shores, Indiana, and is entitled to immediate possession thereof. George Bagnall and Ann Bagnall are ordered to remove all of their possessions from said property at their own expense and to promptly, peacefully, and reasonably surrender possession of said estate to the United States. The United States may move the court for further orders as necessary to carry out the judgment entered in this action and all other proper relief.

**SO ORDERED.**

Date: May 2, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT